IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02312-BNB

SCOTT BEEBE,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 10 2011

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

I. Background

    Applicant, Scott Beebe, is in the custody of the Colorado Department of Corrections. Mr. Beebe, acting *pro se*, initiated this action by filing a "Petition for Violation of Constitutional Rights Under the 14th, 6th, and 5th Amendments." Subsequently, counsel made an appearance on Mr. Beebe's behalf and filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on November 18, 2010. In an order entered on November 19, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on December 29, 2010. Mr. Beebe did not reply.

    In the Application, Mr. Beebe asserts that he pleaded guilty to one count of sex assault on a child and was sentenced to probation for ten years to life under added conditions that include (1) offense specific treatment; (2) $1,800.00 in restitution; (3) no

contact with children under the age of eighteen without prior approval; (4) no contact with the victim; and (5) sex offender registration. (Am. Application at 1.) Mr. Beebe also asserts that he did not file a direct appeal, but he did file (1) a motion for reconsideration of sentence on March 19, 2008, that was denied on April 10, 2009; and (2) a motion for correction of illegal sentence under Colo. R. Crim. P. 35(a) on April 13, 2009, that was denied on April 27, 2009, in which he filed an appeal but failed to complete the appeal.

Although counsel failed to assert in the Amended Application the claims that Mr. Beebe seeks to raise in this action, the Court will address the claims Mr. Beebe asserted in the original Petition filed on September 21, 2010. The claims include (1) ineffective assistance of counsel for failure to advise him of the consequences of pleading guilty; and (2) his sentence is illegal because the guidelines and standards used by the Sex Offender Management Board in the treatment of sex offenders, as set forth in Colo. Rev. Stat. § 16-11.7-103, are unconstitutional.

II. Analysis

For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A. 28 U.S.C. § 2244(d) Time-Bar

Section 2244(d), 28 U.S.C., provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Beebe's Application is time-barred. They contend that Mr. Beebe pled guilty on April 30, 2002, to sexual assault on a child and the trial court sentenced him to ninety days in jail and ten years to life of probation. (Pre-Answer Resp., Appx. B at 1.) Respondents further assert that Mr. Beebe did not file an appeal, and five years later, on September 21, 2007, the trial court revoked his probation and resentenced him on November 30, 2007, to two years in prison. (*Id.* at 5-6.) Although Mr. Beebe filed several postconviction motions after his resentencing in November 2007, Respondents argue that none of thOse motions were timely filed under Colo. Rev. Stat. § 16-5-402. (Pre-Answer Resp. at 2-3.) The Court agrees. The claims that Mr. Beebe has raised in this action challenge his conviction entered on April 30, 2002, and not the resentencing that took place on November 30, 2007. Under

3

§ 2244(d), the one-year time limitation began to run on June 15, 2002. *See* Colo. App. R. 4(b). Mr. Beebe did not file his first postconviction motion until March 19, 2008.

Mr. Beebe does not allege in the Petition or the Amended Application that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. He also does not assert that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal or that there were any impediments to filing an application regarding the claims which were created by state action.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." ***Holland v. Florida***, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2652 (internal quotation marks and citation omitted); *accord **Yang v. Archuleta***, 525 F.3d 925, 929 (10th Cir. 2008) ("'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'") (quoting ***Wallace v. Kato***, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See **Miller v. Marr***, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See **Gibson v. Klinger***, 232 F.3d 799, 808 (10th Cir. 2000). However, "[a] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the

4

petitioner demonstrated cause for the failure to bring these claims forward earlier."
*Lopez v. Trani*, ---- F.3d ----, 2010 WL 4923891 * 3 (10th Cir. 2010).

Mr. Beebe fails to allege any facts, in either the original Petition filed ***pro se*** by Mr. Beebe or in the Amended Application submitted by counsel, that might justify equitable tolling of the one-year limitation period with respect to his claims. Mr. Beebe also had the opportunity to reply to Respondents' Pre-Answer Response and address any arguments that may support equitable tolling. He failed to do so. Therefore, the action will be dismissed as time-barred under 28 U.S.C. § 2244(d).

B. State-Court Exhaustion

Because the action clearly is time-barred the Court will refrain from addressing whether Mr. Beebe has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Amended Application and Petition and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Amended Application and Petition are denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Beebe has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this 10th day of February, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02312-BNB

Carrie R. Alm
Calm Law
Attorney's at Law
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 10, 2011.

                        GREGORY C. LANGHAM, CLERK

                      By: _____
                               Deputy Clerk